

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-24-2007

# USA v. Solano-Marrero

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3470

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Solano-Marrero" (2007). *2007 Decisions.* Paper 1226.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1226

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-3470

———

UNITED STATES OF AMERICA

v.

ROMAN SOLANO-MARRERO,

Appellant

———

On Appeal from the United States District Court
for the District of Delaware
(D.C.. CRIMINAL No. 04-cr-00126)
District Judge:  Hon. Joseph J. Farnan, Jr.

———

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2007

Before: MCKEE and AMBRO, Circuit Judges, and MICHEL,* Chief Circuit Judge.

(Filed: April 24, 2007)

———

OPINION OF THE COURT

———

———

   * Hon. Paul R. Michel, Chief Judge of the United States Court of Appeals for the
Federal Circuit, sitting by designation.

MICHEL, <u>Chief Circuit Judge</u>.

Appellant Roman Solano-Marrero appeals his 57-month sentence for reentry after deportation in violation of 8 U.S.C. §§ 1326(a)(2) and (b)(2). Mr. Solano-Marrero asserts that his sentence is unreasonable because there is no indication in the District Court's sentencing statements that it considered all of the relevant statutory sentencing factors. Because the District Court adequately considered the sentencing factors provided in 18 U.S.C. § 3553(a) and the 57-month sentence was reasonable, we will affirm.

I.

Because the parties are familiar with the facts, we only briefly recite those of particular significance to our decision. On February 10, 2005, Mr. Solano-Marrero pled guilty to reentry after deportation in violation of 8 U.S.C. §§ 1326(a)(2) and (b)(2). Mr. Solano-Marrero had been deported to his native Dominican Republic on November 13, 2002, following his second conviction for possession with intent to distribute drugs.

Mr. Solano-Marrero's first conviction occurred in May 1990, when he was sentenced to 18 to 36 months' imprisonment for possession with intent to distribute heroin. He served approximately 3 years, and completed his parole in 1993. Mr. Solano-Marrero's second conviction occurred in January 1997, when he was sentenced to 36 to 72 months' imprisonment for possession with intent to distribute crack cocaine. Mr. Solano-Marrero was paroled in June 2000 after serving approximately 3 years. Three months into his parole, however, Mr. Solano-Marrero absconded. He was apprehended

2

approximately four months later and incarcerated for 10 months prior to deportation.

Mr. Solano-Marrero returned illegally to the United States by the end of 2002, within weeks of his deportation. In October 2004, he was arrested and detained on Delaware state charges of aggravated menacing and terroristic threatening in connection with a domestic dispute. While in custody, Mr. Solano-Marrero was visited by an immigration agent to whom he admitted his immigration history. On November 18, 2004, Mr. Solano-Marrero was charged in a one-count indictment with reentry after deportation to which he pled guilty. At the sentencing hearing, following arguments by defense counsel and the prosecutor, the District Court sentenced Mr. Solano-Marrero to 57 months' incarceration.

## II.

We have jurisdiction to review Mr. Solano-Marrero's sentence pursuant to 18 U.S.C. § 3742(a)(1). We review the District Court's sentence for "reasonableness." United States v. Booker, 543 U.S. 220, 261-62 (2005). To be reasonable, the "[r]ecord must demonstrate that the trial court gave meaningful consideration to the relevant § 3553(a) factors," which include the range suggested by the sentencing guidelines. United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006). Here, Mr. Solano-Marrero does not dispute that the District Court correctly calculated the sentencing guidelines range as 46 to 57 months. Thus, our review is limited to whether the District Court gave "meaningful consideration" to the § 3553(a) factors and to "any sentencing grounds properly raised by

3

the parties which have recognized legal merit and factual support in the record," and whether the District Court reasonably applied the § 3553(a) factors to the particular circumstances of this case. Id. at 329-330, 332.

We review the District Court's application of the § 3553(a) factors under a deferential standard since the trial court is "in the best position to determine the appropriate sentence in light of the particular circumstances of the case." Id. at 330. The party challenging the sentence has the burden of persuading us that it is unreasonable. Id. at 332.

III.

On appeal, Mr. Solano-Marrero argues that the District Court "did not rationally and meaningfully consider all of section 3553(a) factors and it did not weigh those factors in arriving at its sentence of 57 months." In particular, Mr. Solano-Marrero argues that the District Court failed to meaningfully consider and reasonably apply, under § 3553(a)(1)–"the nature and circumstances of the offense," the following factors: his honesty when questioned by the immigration agent (in that he gave his correct name, date of birth, and country of birth), and his admission of his prior deportation. Mr. Solano-Marrero also argues that the District Court failed to meaningfully consider and reasonably apply the following factors under § 3553(a)(1)–"the history and characteristics of the defendant": (1) that at the time of his arrest, Mr. Solano-Marrero was 43 years old; (2) that he had no drug or alcohol problems; (3) that he enjoyed good physical and mental

4

health; (4) that he had a daughter to whom he was a good father, and that his girlfriend planned to move with their daughter to the Dominican Republic to live with Mr. Solano-Marrero following his deportation; (5) that he had numerous jobs after returning to the United States, and was self-employed as an auto mechanic for 18 months prior to his arrest; (6) that he attended Bible study classes during pretrial detention; and (7) that he had not committed any infractions or engaged in any misconduct during his pretrial detention.

We disagree. In the present case, the District Court gave meaningful consideration to the § 3553(a) factors and reasonably applied those factors to the circumstances of the case. During the sentencing hearing, the District Court heard arguments from the government and Mr. Solano-Marrero regarding the factors. It also expressed familiarity with the Presentence Investigation Report, to which Mr. Solano-Marrero did not object during the sentencing hearing. The District Court explicitly addressed several of the § 3553(a) factors and their application to Mr. Solano-Marrero.

Specifically, the court addressed § 3553(a)(1)–"the nature and circumstances of the offense," in describing Mr. Solano-Marrero's motivation for returning to the United States following his deportation as well as his prior criminal convictions. The District Court also evidenced that it considered § 3553(a)(1)–"the history and characteristics of the defendant," by describing Mr. Solano-Marrero's lack of verifiable employment record, his failure to take advantage of supervision by absconding from parole, and his

5

decision to reenter the United States when all of his family remained in the Dominican Republic.

Mr. Solano-Marrero attempts to hold the District Court to a level of detail and verbosity beyond that required by the law. The District Court is not required to discuss or make findings as to each of the § 3553(a) factors "if the record makes clear that the court took the factors into account in sentencing," nor must it address every argument made by a defendant if the argument is "clearly without merit." Cooper, 437 F.3d at 329. Here, the District Court adequately addressed defense counsel's arguments that, given Mr. Solano-Marrero's deportation status, it should impose a sentence below the advisory sentencing guidelines range. While agreeing with defense counsel that some illegal aliens "probably ought to get the benefit of the doubt and be allowed to be deported," the District Court reasonably rejected deportation in lieu of imprisonment in this case because Mr. Solano-Marrero's reentry after his prior deportation "says more about what [he] wanted to do here beyond enjoy the freedoms and economy that most Americans and immigrants do." Given Mr. Solano-Marrero's reentry into the United States within weeks of his deportation, criminal history, and outstanding state charges involving domestic abuse, the District Court was reasonable in concluding that the seriousness of his criminal conduct went beyond that which may be punishable by mere deportation alone.

Given that reasoning, the District Court decided to impose a sentence of 57 months' imprisonment, the maximum guideline range for imprisonment here. We do not

6

find that sentence to be unreasonable under all of the circumstances. The District Court, we hold, reasonably applied the § 3553(a) factors to the circumstances of the case, and based upon this record, Mr. Solano-Marrero has not even come close to meeting his burden of persuading us otherwise.

For the reasons set forth above, we will affirm Mr. Solano-Marrero's sentence.